IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:16-CR-286-D(23) |
| VS. | § | |
| | § | |
| BRIAN OTT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Brian Ott ("Ott") moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Ott pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On April 7, 2017 the court sentenced him to 130 months' imprisonment, followed by 3 years of supervised release. On December 20, 2023 Ott filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. The court granted Ott's motion and on February 14, 2024 reduced his prison sentence from 130 months to 116 months.

On December 3, 2025 Ott filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to respond, which it did on December 29, 2025. On February 9, 2026 Ott filed a reply to the government's response.

Ott's motion is now ripe for decision.

## II

## A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.* When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a

---

*Ott contends in his motion that "more tha[n] 30 days have elapsed since [he] requested the Warden at FCI Texarkana to file a Motion under § 3582 on his behalf." D. Mot. 2. Because doing so does not change the outcome of the decision on Ott's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

prisoner.

B

In support of his motion, Ott seeks a reduction in sentence to time served based on the following "extraordinary and compelling reasons": (1) he became addicted to methamphetamine at a young age, when "he was not equipped with the maturity to identify such a rapidly growing addition nor the tools to remove himself from the path of self-destruction," D. Mot. 4; (2) he has already served the term of incarceration contemplated by the court, considering time served in state custody for the same acts that formed a basis for his federal conviction; (3) he has experienced unusually severe conditions of confinement due to the loss of eight family members and the impact of COVID-19; and (4) he has made extraordinary efforts toward rehabilitation during his incarceration.

Because the court concludes below that Ott's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Ott has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

- 3 -

III

The court now considers the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence."  *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).  "When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'"  *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Ott is currently serving a 130-month sentence (reduced to 116 months) for conspiring to possess and distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large.  He committed this offense while under a criminal justice sentence of probation.  At sentencing, the presentence report placed him in criminal history category V due to his multiple prior convictions, including for assault

of a public servant.  Ott is not eligible for release from prison until May 2, 2028.  If the court grants his motion, it will be ordering him released more than *2 years* before he would otherwise be eligible.  In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Ott's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

- 5 -

\*   \*   \*

Accordingly, the court denies Ott's December 3, 2025 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

March 23, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE